UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSICA CLIMER,

Plaintiff,

Case No. 26-cv-1976-pp

v.

FRANK J. BISIGNANO,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates

that she is employed, she is not married and she has two wards; the amount of support provided for each ward is $888 per month. Dkt. No. 3 at 1. The plaintiff says that she has monthly income totaling $2,665 ($900 wages or salary, $1,278 disability and survivor's benefits, $487 SNAP). Id. at 2. She lists expenses totaling $2,994 ($1,100 rent, $425 car payments, $1,012 other household expenses, $305 car insurance and gas, $152 storage unit). Id. at 2-3. The plaintiff says owns a GMC Acadia Denali, worth approximately $7,000; she does not own her home or any other property of value and she indicates that she is $180 overdrawn in her checking or savings account. Id. at 3-4. The plaintiff states ". . . my monthly expenses already exceed any income or support I receive. I also owe $7,000 on student loans and owe $3,000 to friends and family." Id. at 4. The plaintiff has demonstrated that she cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits by the Commissioner, that she is disabled and that the decision to deny her benefits is not supported by substantial evidence and/or is contrary to law and regulation. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 26th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**